**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0963-17T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

TROY G. COLVELL,

    Defendant-Appellant.

_____

Submitted October 11, 2018 – Decided December 20, 2018

Before Judges Vernoia and Moynihan.

On appeal from Superior Court of New Jersey, Law Division, Mercer County, Municipal Appeal No. 07-2017.

Troy G. Colvell, appellant pro se.

Angelo J. Onofri, Mercer County Prosecutor, attorney for respondent (John M. Carbonara, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Troy G. Colvell appeals from his convictions, following a trial de novo on the municipal court record, for violating N.J.S.A. 39:4-56[1] and N.J.S.A. 39:3-74,[2] arguing:

POINT I

MUNICIPAL PROSECUTOR FAILED TO FULFILL HIS DUTIES.

POINT II

PROSE[C]UTOR AND POLICE OFFICER USE OF CELL PHONE DURING OFFICER'S TESTIMONY AT MUNICIPAL TRIAL.

POINT III

[DEFENDANT] PROPERLY FILED MOTIONS NEVER ADDRESSED BY THE LAW DIVISION.

POINT IV

STATE FAILED TO TIMELY SERVE ITS BRIEF.

POINT V

DEFENDANT DENIED HIS MUNICIPAL APPEAL RIGHTS.

---

[1] N.J.S.A. 39:4-56 provides: "No person shall drive or conduct a vehicle in such condition, so constructed or so loaded, as to be likely to cause delay in traffic or accident to man, beast or property."

[2] N.J.S.A. 39:3-74 provides in pertinent part: "No person shall drive any vehicle so constructed, equipped or loaded as to unduly interfere with the driver's vision to the front and to the sides."

A-0963-17T3

POINT VI

EVIDENCE AND SUPPLEMENTATION ISSUES NEGATIVELY AFFECTING DEFENDANT.

POINT VII

LAW DIVISION ORDER AND DECISION PREMATURE AND INACCURATE.

We determine defendant's arguments in Points I and II to be without sufficient merit to warrant discussion in this written opinion. R. 2:11-3(e)(2). We agree, however, that the Law Division judge did not consider defendant's motions and afford him a trial de novo hearing. We consequently reverse and remand this matter. As such, defendant's contentions in Point IV are moot; even if the State's brief was not timely served, defendant now has sufficient time to address the State's arguments.

Defendant was stopped for driving forty-seven miles per hour in a twenty-five-mile-per-hour zone. Instead of issuing a speeding summons, the officer cited defendant for two motor vehicle violations that exposed defendant to lesser fines than did the speeding ticket and no motor vehicle points.

Following a trial in the municipal court at which he was found guilty of both violations, defendant appealed to the Law Division. He filed a "Motion for Production of Documents Objects and Supplementation" and a motion for

reconsideration of the court's finding of guilt; there is no record that either motion was entertained or decided by the court. The Law Division judge did not hold any trial de novo hearing. He issued a written opinion, concluding "defendant's appeal is DENIED, and the lower [c]ourt's findings are AFFIRMED," and, at a separate proceeding, sentenced defendant in open court.

We disagree with the State's present argument that the Law Division judge had "a right to ignore such frivolous and time consuming motion[s] in the name of judicial efficiency." While courts have the inherent power "to control the filing of frivolous motions and to curtail 'harassing and vexatious litigation,'" Parish v. Parish, 412 N.J. Super. 39, 48 (App. Div. 2010) (quoting Rosenblum v. Borough of Closter, 333 N.J. Super. 385, 387, 391 (App. Div. 2000)), the Law Division judge made no such finding; he made no finding at all. We held in Rosenblum that "the complete denial of the filing of a claim without judicial review of its merits would violate the constitutional right to access of the courts." 333 N.J. Super. at 390 (citing U.S. Const. amend. XIV, § 1). The complete disregard of a filed motion has the same constitutional infirmity. Our Supreme Court warned, "[w]e cannot expect the public to maintain confidence in the judicial system if judges treat constitutional rights as minor obstacles to the disposition of cases." In re Bozarth, 127 N.J. 271, 280 (1992). While there

4

is no indication the Law Division judge treated the motions as obstacles, the failure to address those motions must be remedied. As such, we remand the case to the Law Division to consider them; we leave their disposition to the court's discretion.

Notwithstanding that the Law Division in a trial de novo is obliged to "determine the case completely anew on the record made in the Municipal Court, giving due, although not necessarily controlling, regard to the opportunity of the magistrate to judge the credibility of the witnesses," State v. Johnson, 42 N.J. 146, 157 (1964), the criminal division manager is required to "fix a date for [a] hearing" upon defendant's compliance with the filing requirements of Rule 3:23-2, R. 3:23-4(b). Although neither Rule 3:23-4(b) nor Rule 3:23-8, titled "Hearing on Appeal," specifically requires that a hearing take place, the obvious references in the Rules to a hearing do.

In holding that courts should "ordinarily conduct a hearing on the record" in contested retail-firearms-dealer applications, we recognized that conducting open-court hearings – required by Rule 1:2-1 unless prohibited by rule or statute – is a fundamental principle. In re Cayuse Corp. LLC, 445 N.J. Super. 80, 90-91 (App. Div. 2016); see also Smith v. Smith, 379 N.J. Super. 447, 450-52 (Ch. Div. 2004) (tracing our courts' "long and venerable tradition" of openness and

recognizing the resultant "numerous beneficial functions" (citation omitted)). In Cayuse, 445 N.J. Super. at 91, we referenced the Code of Judicial Conduct, Canon 3(A)(6),[3] which provides: "A judge should accord to every person who is legally interested in a proceeding, or that person's lawyer, full right to be heard according to law," Code of Judicial Conduct, Pressler & Verniero, Current N.J. Court Rules, Appendix to Part 1 at 508 (2016). That tenet is especially applicable to this case in which a self-represented litigant seeks to advance his municipal appeal. The official comment to current Canon 3, Rule 3.7 of the Code of Judicial Conduct states: "A judge may make reasonable accommodations to ensure pro se litigants the opportunity to have their matters fairly heard." Code of Judicial Conduct, Pressler & Verniero, Current N.J. Court Rules, Appendix to Part 1, cmt. 1, following Canon 3, R. 3.7 at 538 (2019). As such, we require on remand that, in a new trial de novo, defendant be afforded a hearing on the record. In light of the Law Division judge's prior decision, we require the Presiding Judge of the Criminal Division to assign this appeal to a different Law Division judge to conduct the trial de novo. See In re Baby M.,

---

[3] The tenet in former Canon 3(A)(6) is now expressed in Canon 3, Rule 3.7 which provides: "A judge shall accord to every person who is legally interested in a proceeding, or to that person's lawyer, the right to be heard according to law or court rule." Code of Judicial Conduct, Pressler & Verniero, Current N.J. Court Rules, Appendix to Part 1 at 538 (2019).

A-0963-17T3

109 N.J. 396, 463 n.19 (1988) ("The original trial judge's potential commitment to [his] findings and the extent to which a judge has already engaged in weighing the evidence persuade us to make that change." (citations omitted)).

During that trial, we caution the new Law Division judge not to follow the prior judge's path of basing conclusions on the ticketing officer's opinion or belief that defendant violated the relevant statutes. It is the court's responsibility to determine if the State's evidence proved the elements of the violations beyond a reasonable doubt. See State v. Bealor, 187 N.J. 574, 586 (2006) (citing State v. Fearon, 56 N.J. 61, 62 (1970) and State v. Cummings, 184 N.J. 84, 98-99 (2005)).

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0963-17T3